UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

KEITH WECHSLER
      Plaintiff,

vs.

LINDA STRUMPF,
HAL SEIGEL, individually and
US EQUITIES CORP
      Defendants.
_____x

COMPLAINT FOR VIOLATION OF THE
FAIR DEBT COLLECTION PRACTICES
ACT

Plaintiff Demands A
Trial by Jury

**08 CIV. 1535**

**JUDGE ROBINSON**

## INTRODUCTION

1.  This is an action for damages and declaratory relief by an individual consumer for

Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692,

et seq., (hereinafter FDCPA), New York General Business Law § 349 (hereinafter NY

GBL), denial of due process, defamation and infliction of emotional distress.

## JURISDICTION AND VENUE

2.  Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves

predominant issues of federal law. Defendant has violated the provisions of the FDCPA.

Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this

District is proper in that Defendant transacts business here and the conduct complained of

occurred in this district.

## PARTIES

3.  Plaintiff, KEITH WECHSLER, is a natural person residing at 2609 Whispering Hills,

Chester, New York, 10918, and residing in this District.

1

4.  Defendant, LINDA STRUMPF, ESQ.  (hereinafter "Strumpf"), is a collection attorney regularly engaged in the collection of debts in this state and is a debt collector as defined by the FDCPA, with her principal place of business located at 244 Colonial Road, New Canaan, CT 06840, and her New York office located at 2 West Road, South Salem, New York 10590.

5.  Defendant HAL SIEGEL is the President and owner of US EQUITIES CORP, a debt collection agency regularly engaged in the collection of debts in this state and is a debt collector as defined by the FDCPA, with his principle place of business located at 244 Colonial Road, New Canaan, CT 06840. Seigel is also an employee of Linda Strumpf's law firm.

## FACTUAL ALLEGATIONS

6.  In or around November of 2005, Defendant Strumpf, on behalf of US Equities, filed a Complaint in the New Rochelle City Court against Plaintiff, for an alleged debt in the amount of $4,788.31 plus interest.

7.  The above mentioned lawsuit was brought in the wrong venue, as Plaintiff never resided in New Rochelle. Defendant Strumpf failed to serve Plaintiff, who was unaware of the pending action against him.

8.  In or around February of 2007, Defendant Strumpf obtained a default Judgment against Plaintiff.

9.  On or about, January 18th, 2008 Defendant Strumpf served upon Plaintiff's banks, Citibank, N.A., and KeyBank, a restraining notice on Plaintiffs bank accounts, in an attempt to collect a debt in the amount of $5,894.65.

10. On January 18, 2008, Citibank, N.A. restrained the money in Plaintiff's account, on

the entire money, in the amount of around $13,500.00.

11. On January 18, 2008 Keybank restrained around $6,000.00 in total, in Plaintiff's CD,

savings, & Checking accounts.

12. Plaintiff discovered that his accounts had been frozen. He went to the banks to inquire

about it. Only then did he become aware that Defendant Linda Strumpf was collecting on

a default Judgment against him, and had served the restraint on his accounts.

13.  As a result of the restraint on the bank accounts, Plaintiff incurred $125.00 in

"litigation" fees on his Citibank account and $100 in litigation charge on his Keybank

account.

14.  Plaintiff also incurred bounced check fees for 3 checks bounced checks, in the amount

of  $38.00 each.

15. Plaintiff called the Law Office of Linda Strumpf on January 18, 2008, upon his return

from the bank. Defendant Hal Siegel answered the phone. Plaintiff requested information

regarding the alleged debt and the Default Judgment. Plaintiff wanted to know who the

debt collection company was, who original creditor was, when the alleged debt was

incurred, when and where the default Judgment was obtained and why he was never

served.

16. Hal Siegel told Plaintiff that Plaintiff had to answer Seigels questions first, before he

would answer any of Plaintiff's questions. Hal Siegel asked Plaintiff his address, social

security number, phone numbers, what he did for a living, how much he got paid at work,

Plaintiff's work address and phone number, his bank accounts and how much money he

had in the accounts.

17. Plaintiff answered most of Hal Siegel's questions, however when he refused to give Siegel his work phone number, Siegel hung up on Plaintiff.

18. Plaintiff called back and asked Hal Siegel why he hung up on him. Siegel said he hung up because Plaintiff did not answer his questions.

19. Finally, Hal Siegel said that they were collecting on a Citibank visa card for around $4000, that US Equities bought the debt in 2004 and got a default judgment because Plaintiff did not respond in the action against him. Plaintiff disputed the debt and asked for proof and original documentation and validation of the debt, as well as documentation regarding the lawsuit against him and the Default Judgment. Siegel said, "We will get back to you", but never called back or provided Plaintiff with any documents.

20. Plaintiff also sent a certified letter to Defendant dated January 18, 2008, again demanding validation and disputing the debt.

21. Plaintiff also emailed Linda Strumpf and Hal Siegel on January 20, 2008, again disputing the alleged debt and demanding validation.

22. On January 23, 2008 Hal Siegel, sent a response letter, on Linda Strumpf's legal letterhead, which stated that they had a Judgment against Plaintiff and that he should call them to make payment arrangements. There was no validation of the debt in the correspondence.

23. Plaintiff finally obtained the case information from the bank and went down to the courthouse to obtain a copy of the docket.

24. Plaintiff discovered that Defendant Strumpf commenced a collection action against Plaintiff in New Rochelle, a county other than where Plaintiff resides, in violation of 15 U.S.C. 1692(i).

25. Defendants never contacted Plaintiff about an alleged debt prior to obtaining a Default Judgment.

26. Defendants never served a summons or complaint upon Plaintiff and never communicated with Plaintiff regarding the Default Judgment against him.

27. Plaintiff denies owing any debt to anyone in such an amount. In fact, Plaintiff's credit accounts are paid current by Plaintiff.

28. Plaintiff never had any dealings with US Equities Corp, or its president and owner, Hal Siegel, is Linda Strumpf's husband, and works at her law firm.

29. Defendant, Strumpf, failed to acknowledge the validation demand or release the money in his bank account.

30. On January 22, 2008, Plaintiff filed an Order to Show Cause and a Motion to Vacate the Default Judgment in the City Court of New Rochelle.

31. The Judgment was vacated on February 6, 2008, since Linda Strumpf or US Equities failed to show cause or appear at the hearing and the Judge ruled that Strumpf had no personal Jurisdiction of Plaintiff.

32. The Order stated that Strumpf should contact Plaintiff's banks to release the funds. Strumpf failed to do so.

33. On February 7, 2008, Citibank, N.A. and Keybank released the funds in Plaintiff's bank account upon Plaintiff's request, after he notified them that the Judgment had been vacated.

34. Plaintiff suffered severe emotional distress throughout the ordeal. Plaitniff had to go to the Emergency Room as a result of Defendants actions and was given medication. He

also had to see a psychologist and psychiatrist as a result of the emotional distress. Plaintiff suffered sleepless nights and anxiety over the course of the ordeal.

35. Plaintiff also missed 4 days of work in going to Court and to the banks to get the Default Judgment vacated, and had to pay attorneys fees for the New Rochelle hearing.

36. Upon information and belief, Linda Strumpf has a pattern and practice of filing actions in the wrong venue and sewer service of process. Upon information and belief, Linda Strumpf's law firm files over 2000 collection lawsuits a year for US Equities and obtains Default Judgments in most of the cases.

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. The allegations in paragraphs 1-36 in this pleading are incorporated as if fully rewritten herein.

38. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with the collection of debt.

39. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2) by falsely misrepresenting that Plaintiff owes a debt.

40. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was not that of Plaintiff.

41. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(1) by collecting a non-existent debt, not authorized by any contract and not permitted by law.

42. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(5) by causing Plaintiff to incur a bank legal fee charges and bounced check fees as a direct result of its actions.

43. Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(6) by freezing the Plaintiffs funds and thereby disabling the use of the account by Plaintiff, when it had no authority to do so.

44. Defendants violated 15 U.S.C. 1692g(a) by failing to send a validation notice to Plaintiff, even after validation demand has been made by Plaintiff.

45. Defendants violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when they knew, or should have known, that they had no legal authority to do so.

46. Defendants violated 15 U.S.C. 1692i(a)(2) by obtaining a judgment against Plaintiff in a Court out of the Judicial District where the Plaintiff resides.

47. As a direct and proximate result thereof, Plaintiff has been injured and is entitled to damages therefore on each and every violation.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349

48. The allegations in paragraphs 1-47 in this pleading are incorporated as if fully rewritten herein.

49. As alleged therein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under state laws for those violations.

50. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under various state laws for those violations.

7

## THIRD CLAIM: DEFAMATION

51. The allegations paragraphs 1-50 in this pleading are incorporated as if fully rewritten herein.

52. Defendants recklessly, maliciously and/or intentionally, disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

53. Defendants have obtained a judgment against Plaintiff when it had no right to do so, thereby tarnishing Plaintiff's public records.

54. Defendants have defamed Plaintiff.

55. Alternatively, Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS

56. The allegations of paragraphs 1-55 in this pleading are incorporated as if fully rewritten herein.

57. This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

58. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, which he did not owe.

59. During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when it knew or should have known that its actions would do so.

8

60. As a direct and proximate result thereof, Plaintiff was injured and may continue to suffer such injury in the future.

## ADDITIONAL CLAIMS

61. The allegations paragraphs 1-60 in this pleading are incorporated as if fully rewritten herein.

62. The above and foregoing actions, inactions and fault of Defendants, as to each and every count, have proximately caused damages to plaintiff.

63. Defendants' freezing of Plaintiffs funds, has been a substantial factor in causing Plaintiff loss of quality of life, causing negative credit, mental anguish, missing days from work, and other damage.

64. Defendants are liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and all claims.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against all

Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA, and

   declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B.  Actual damages as proven at trial, on each and every claim;

C.  Statutory damages, where applicable;

D.  Costs and reasonable attorney fees; and

E.  For such other and further relief as may be just and proper.

DATED: February 14, 2008
      Spring Valley, NY

_____

Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510